UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOWINSKY LERICHE,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-05315 (VC)<br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 9 |

Petitioner Towinsky Leriche is an immigration detainee proceeding with a writ of habeas corpus alleging that his current detention by U.S. Immigration and Customs Enforcement ("ICE") without the opportunity for release on bond violates his right to due process. *See* Dkt. No. 1 at 16–17. For the reasons that follow, the Court DISMISSES the petition without prejudice.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner was admitted to the United States as a lawful permanent resident on December 1, 2010 when he was a child. Dkt. No. 1 at 5; Dkt. No. 9 at 9. On March 26, 2025, Petitioner was convicted of armed robbery under Florida Statute 812.13(2)(B) and sentenced to "2 years of community control followed by 5 years of probation." Dkt. No. 9 at 28.

Petitioner was subsequently arrested by ICE on November 13, 2025 and issued a Notice to Appear charging him with being subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii) as having "been convicted of an aggravated felony as defined in sections 101(a)(43)(F) … for

which the term of imprisonment ordered is at least one year[,]" and 8 U.S.C. § 1227(a)(2)(C) for having been convicted of a crime involving the possession of a firearm. *Id*. at 31.

Following his placement in removal proceedings, his first hearing was set for December 16, 2025, however, Petitioner moved to continue the hearing. *Id*. at 33. Based on the Executive Office of Immigration Review docket, Petitioner was ordered removed on August 28, 2026, and filed a timely appeal of that decision to the Board of Immigration Appeals ("BIA").

## II. DISCUSSION

Section 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a)," mandating their detention if they "fall[] into one of several enumerated categories involving criminal offenses." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis in original). Relevant here, Petitioner was charged as removable under 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined under 8 U.S.C. § 1101(a)(43)(F), and 8 U.S.C. § 1227(a)(2)(C). *See* Dkt. No. 9 at 28–31. As an individual charged as removable under both these statutes, he is subject to detention under § 1226(c)(1)(B). *See* 8 U.S.C. § 1226(c)(1)(B) ("The Attorney General shall take into custody any alien who … is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), ***(A)(iii)***, (B), ***(C)***, or (D) of this title.") (emphasis added).

Petitioner's arguments to the contrary are unpersuasive. At bottom, Petitioner argues that his charge of removability under § 1227(a)(2)(A)(iii) and § 1227(a)(2)(C), and the mandatory detention it triggered under § 1226(c)(1), was wrong. *See* Dkt. No. 10 at 5–7. However, whether Petitioner is removable under either statute and, therefore, subject to detention under § 1226(c)(1) is ultimately for the Immigration Court to decide in a *Joseph* hearing, not for this Court. At a *Joseph* hearing, Petitioner "may avoid mandatory detention by demonstrating that he is not [a noncitizen], was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *See Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)). Indeed, here it appears that the Immigration Court has already determined Petitioner is deportable under at least

one of these statutes, as he was ordered removed on August 28, 2026. *See Rakeshkumar H.P. v. Warden, California City Corr. Ctr.*, No. 1:26-CV-02869-MWJS, 2026 WL 1146201, at *1 (E.D. Cal. Apr. 28, 2026) ("while Petitioner contends that his classification under § 1226(c)(1)(A) is incorrect, a challenge of that nature must be raised, at least in the first instance, with immigration authorities rather than with a court").

This, however, does not end the due process inquiry. The Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to § 1226(c)(1), however, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Accordingly, numerous district courts have found that unreasonably long detention periods may violate the due process clause. *See Keo v. Chestnut*, No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343 (E.D. Cal. July 25, 2025); *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019) (citation omitted), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (noting that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'").

To determine if Petitioner's due process rights have been violated by his nearly eleven-month detention without a bond hearing, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention. "Freedom

from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner was initially detained in November 2025 and has remained in custody for over eleven months without the opportunity to contest the necessity of his continued detention. As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation may continue for a protracted and indefinite period as his removal order is decided on appeal by the BIA, Petitioner has established his liberty interest. *See Zadvydas*, 533 U.S. at 690, 693.

Having established that Petitioner has a protected liberty interest, the Court must determine whether Petitioner is entitled to further process under the Constitution. Courts in this Circuit have weighed the following factors to ascertain when prolonged detention pursuant to § 1226(c) violates the Due Process Clause: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *7 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019).

Though the length of Petitioner's detention weighs in his favor, the Court cannot find on this record that Petitioner has made a showing with respect to the remaining factors. *See Yagoub v. LaRose*, No. 3:26-CV-00914-JLS-JLB, 2026 WL 673799, at *2 (S.D. Cal. Mar. 10, 2026) (finding Petitioner's detention of "nearly eight months" without a bond hearing weighed in Petitioner's favor); *Amado v. United States Dep't of Just.*, No. 3:25-CV-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" and collecting cases); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879–80 (E.D. Cal. 2022) (finding fact

that detention had spanned twelve months weighed in favor of granting bond hearing). Petitioner did not address any of these factors in the instant petition. Though the length of Petitioner's detention without a hearing is long, the Court cannot find on this record that Petitioner is entitled to habeas relief without further evidence that his detention has become indefinite or that it has become unconstitutionally prolong given his particular situation.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the petition is denied without prejudice. The Clerk of Court is directed to close this case and enter judgment for Respondents.

**IT IS SO ORDERED.**

Dated: October 5, 2026

VINCE CHHABRIA
United States District Judge